UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TRUSTEES OF LABORERS UNION
LOCAL NO.: 1298 OF NASSAU and SUFFOLK
COUNTIES BENEFITS FUNDS,

– against –

SUFFOLK ASPHALT CORP. and
SUFFOLK PAVING CORP.,

Defendants.

Case No.: 13-CV-0184 (SJF)(ARL)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT EDNY
★ AUG 02 2013 ★
LONG ISLAND OFFICE

IT IS HEREBY STIPULATED AND AGREED, subject to the Court's approval, by and between all parties in the above-entitled action, that:

1. Whereas no party hereto is an incompetent person for whom a committee has been appointed, that all claims between the Plaintiffs and Defendants are hereby dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) without prejudice to refiling by Plaintiffs and without costs in favor of any party as against another.

2. Any statute of limitations applicable to the claims of the Plaintiffs Funds and for recovery of delinquent fringe benefit contributions for the following individuals:

   1. Quintanilla, Nelson
   2. Amaya, Alejandro
   3. Martinez, Jose
   4. Paguada, Osmar a/k/a Juan Antonio
   5. Rivera, Edwin
   6. Galeano, Kevin
   7. Escalante, Carlos
   8. Perez, Marco

and attendant interest, damages, costs, and fees, including but not limited to claims under ERISA and the LMRA, shall be tolled for for the period from the date this stipulation is "So Ordered" by the court through a date to be calculated as six (6) years

back in time. Such period of time shall be excluded from the computation of the running of any limitations period. It is expressly understood that the tolling period is intended to correlate directly to a six year period from the date the work was performed and decrease for each individual based upon the passage of time. The parties agree that under no circumstances can the Plaintiffs invoke this tolling agreement for purposes of reviving any individual's rights that may have been extinguished due to a statute of limitations nor may they invoke the tolling agreement to pursue claims not on behalf of individual members. It is further agreed and understood that this tolling agreement shall expire in its entirety on March 31, 2016.

3. No period of time during the Tolling Period may be considered by the Court in connection with the assertion of any affirmative defense that is grounded in the passage of time (e.g., statute of limitations, laches, and estoppel).

4. The parties agree that this Agreement, or copy thereof, may be introduced as evidence of the tolling of the statute of limitations as agreed to herein. The parties further agree that the tolling of the statute of limitations as provided herein is reasonable and for sufficient consideration.

5. The Fed.R.Civ.P. 68 offer made by Defendant, Suffolk Asphalt Corp. in the instant matter will continue in effect in any future matter involving the claims in the instant matter.

6. This Stipulation may be executed in counterparts and/or by facsimile transmission.

Dated: New York, New York
July 9, 2013

| Barnes, Iaccarino & Shepherd LLP. | ZABELL & ASSOCIATES P.C. |
|---|---|
| By: _____ | By: _____ |
| Danielle M. Carney, Esq. | Saul Zabell, Esq. |
| 3 Surrey Lane, Suite 200 | 1 Corporate Drive, Suite 103 |
| Hempstead, NY 11550 | Bohemia, New York 11716 |
| (516) | (631) 589-7242 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

SO ORDERED.

s/ Sandra J. Feuerstein
_____
U.S.D.J.                    8/2/13

-3-